## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NINA F. HENDERSON,
　　　　　　　Appellant,

　　　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　　Agency.

DOCKET NUMBER
AT-0752-15-0715-I-1

DATE: June 16, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nina F. Henderson</u>, Memphis, Tennessee, pro se.

<u>Andrew M. Greene</u> and <u>John F. Dymond</u>, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). As explained below, however, we FORWARD the appellant's newly raised allegation of whistleblower reprisal to the regional office to be docketed as an individual right of action (IRA) appeal.

¶2      The appellant served as a Contact Representative with the agency's Internal Revenue Service. Initial Appeal File (IAF), Tab 13 at 12. The appellant began working for the agency on November 21, 2012, was subject to a 1-year probationary period, and resigned from employment prior to completing her probationary period. *Id*. at 9. The appellant filed an appeal with the Board following her separation from employment, which she subsequently withdrew. *See Henderson v. Department of the Treasury*, MSPB Docket No. AT-0315-13-0140-I-1, Initial Decision (Dec. 13, 2012). The initial decision dismissing that appeal as withdrawn became final when neither party filed a petition for review. 5 C.F.R. § 1201.113.

¶3      The appellant subsequently applied for several positions of employment with the agency in 2014 and 2015. IAF, Tab 5 at 3, Tab 9 at 3. The appellant either was not selected for these positions or did not commence employment with

the agency.[2] *Id.* The appellant thereafter filed the instant appeal contesting the circumstances of her nonselection for employment in 2014 and 2015, and also alleging that her former supervisor misinformed her at the time of her resignation by telling her that she could reapply to work for the agency at a later date. IAF, Tab 5. In support of this latter allegation, the appellant asserted that an agency official told her that she was not selected because she previously had been terminated from employment and therefore was ineligible to return to work with the agency. *Id.* The appellant thus argued that she relied on her former supervisor's misinformation to her detriment when making her decision to resign in 2012, rendering her resignation involuntary. *Id.*

¶4 The administrative judge issued several orders outlining the appellant's burden of proof to establish jurisdiction over her appeal. IAF, Tabs 3, 8. The administrative judge thereafter issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID). In her initial decision, the administrative judge found that the Board lacks jurisdiction over the appellant's challenges to her nonselections under chapter 75 and that, because the appellant had not completed her 1-year probationary period when she resigned in 2012, she was not an employee with appeal rights under 5 U.S.C. § 7511 who could file a constructive removal appeal. ID at 3-4.

¶5 The appellant has filed a petition for review arguing that she only wished to challenge her nonselection for employment in 2014 and that her former supervisor misled her into believing that she could reapply to work for the agency if she resigned. Petition for Review (PFR) File, Tab 1 at 4. On review, the appellant asserts for the first time that her former supervisor retaliated against her based on her protected whistleblowing activities when she allegedly provided her this

---

[2] The appellant alleges that she was selected for a position in 2014 but that she never began work in that job because the agency withdrew its offer of employment based on her employment history with the agency. IAF, Tab 9 at 3.

misinformation.  *Id*.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

¶6        We agree with the administrative judge's jurisdictional dismissal of the appeal under chapter 75.   Absent an independent basis for jurisdiction, a nonselection is not an adverse action appealable to the Board under chapter 75. *See* 5 U.S.C. § 7512; *Belhumeur v. Department of Transportation*, 104 M.S.P.R. 408, ¶ 5 (2007).   We thus agree with the administrative judge that the circumstances surrounding the appellant's nonselection for employment are beyond the scope of the Board's review under chapter 75.  *See Greenlee v. U.S. Postal Service*, 101 M.S.P.R. 323, ¶ 6 (2006).

¶7        We further agree with the administrative judge that the appellant cannot establish the Board's jurisdiction over her alleged constructive removal under chapter 75.  An involuntary resignation or retirement, if proven, is tantamount to a removal within the Board's jurisdiction under chapter 75.  *See Ford v. U.S. Postal Service*, 82 M.S.P.R. 327, ¶ 12 (1999).   Only an employee with appeal rights to the Board under chapter 75, however, can appeal an involuntary resignation.  *See Mfotchou v. Department of Veterans Affairs*, 113 M.S.P.R. 317, ¶ 8 (2010).  Here, in response to one of the administrative judge's jurisdictional orders, the agency submitted unrebutted documentary evidence that the appellant was appointed to a competitive-service position in November 2012 and that she resigned from that position before completing her 1-year probationary period.[3] IAF, Tabs 13-14.  Accordingly, because the appellant is not an employee with appeal rights under chapter 75, *see* 5 U.S.C. § 7511(a)(1)(A), the Board lacks jurisdiction over the appellant's allegation that her resignation from employment in 2012 was involuntary.

---

[3] The agency also submitted unrefuted evidence that the appellant previously worked for the agency with a break in service of greater than 30 days, thus making this period of service ineligible for tacking under 5 C.F.R. § 315.802(b).  *See Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 9 (2010); IAF, Tab 14 at 17, 22.

¶8          In her petition for review, however, the appellant raises for the first time an allegation that her supervisor provided her misinformation about her ability to seek reemployment with the agency based on her protected whistleblowing activity.  PFR File, Tab 1 at 4.  Although the appellant generally asserted below that her supervisor retaliated against her by providing her misinformation, she did not specifically allege that this retaliation was based on her alleged whistleblowing activity under 5 U.S.C. § 2302(b)(8).  IAF, Tab 5 at 3.  Because the appellant now has specifically raised an allegation of whistleblower reprisal on petition for review, and because she was not apprised of her burden to establish the Board's jurisdiction over an IRA appeal below,[4] we find it appropriate to forward her allegation of whistleblower retaliation to the regional office for docketing as an IRA appeal.  *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶¶ 16-17 (2007).  After docketing the appeal, the administrative judge should apprise the appellant of the jurisdictional requirements for filing an IRA appeal, such as demonstrating that she exhausted her remedies by filing a complaint with the Office of Special Counsel (OSC), and nonfrivolously alleging that she made a protected disclosure that was a contributing factor in a challenged personnel action.[5]  *Id*., ¶ 14.

---

[4] The administrative judge noted in her initial decision that the appellant did not appear to be raising a claim of whistleblower retaliation.  ID at 4 n.1.  Based on the information that the appellant provided to the administrative judge, we agree that the appellant did not specifically raise an allegation of whistleblower reprisal below.

[5] The fact that the appellant first filed this appeal seeking to raise an involuntary resignation claim under chapter 75 does not preclude her from filing an IRA appeal challenging the same action under 5 U.S.C. § 7121(g).  Although an appellant generally is limited to filing a Board appeal, a grievance, or a complaint with OSC under 5 U.S.C. § 7121(g), the Board has held that if jurisdiction does not attach to the original choice made by the appellant—here, her filing a Board appeal—then the original choice would not constitute a true choice among viable alternatives, and it cannot serve as a binding election of remedies under 5 U.S.C. § 7121(g).  *See Scalera v. Department of the Navy*, 102 M.S.P.R. 43, ¶ 9 (2006).  The Board also has recently held that an appellant can challenge a constructive adverse action as a personnel action in an IRA appeal.  *See Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014).  We make no finding whether the appellant can establish she was subjected to an involuntary

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

resignation for purposes of demonstrating that she suffered a personnel action in connection with an IRA appeal.

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.